# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOHN D. PUCHNER,**
        **Plaintiff/Petitioner,**

   v.                                                **Case No. 22-C-0107**

**ERIC SEVERSON, HONORABLE PEPPER,**
**HONORABLE STADTMUELLER, and**
**HONORABLE DUFFEY,**
        **Defendants/Respondents.**

---

## DECISION AND ORDER

John Puchner has filed a document with this court in which he both petitions for a writ of habeas corpus and brings a claim against three judges of this court under the Freedom of Information Act. Puchner also seeks leave to proceed without prepaying the filing fee. Because Puchner may not join these unrelated claims against different parties in a single action, he must choose whether he wishes for this action to be proceed as a petition for a writ of habeas corpus or an ordinary civil action. And because the filing fee for each form of action is different, I will postpone deciding his request for leave to proceed without prepaying the fee until he makes his election.

The document Puchner filed with this court is labelled both "summons and complaint" and "writ of habeas corpus." (ECF No. 1.) The parties identified as "defendants" are Eric Severson (the Sheriff of Waukesha County), "Honorable Pepper" (presumably Chief Judge Pamela Pepper of this court), "Honorable Stadtmueller" (presumably Judge J.P. Stadtmueller of this court), and "Honorable Duffey" (presumably Magistrate Judge William E. Duffin of this court). Primarily, the document contains the information a prisoner would ordinarily include in a petition for a writ of habeas corpus

under 28 U.S.C. § 2254. Puchner alleges that he is in custody in the Waukesha County Jail based on a finding of contempt entered by the judge presiding over his divorce case. As his alleged grounds for habeas relief, Puchner seems to allege that he is being held in jail beyond his "release date" and that the state court has refused to provide him with a hearing. (ECF No. 1 at p. 9 of 11.) Because he is in the custody of the Waukesha County Jail, Eric Severson, the Sheriff of Waukesha County, is likely the proper respondent to the habeas claim.

In addition to his allegations concerning his custody, Puchner alleges that the three judges named as defendants violated the Freedom of Information Act ("FOIA") by failing to provide him with emails containing his name. (ECF No. 1 at 10 of 11.) The document Puchner filed contains no other information about this supposed FOIA claim.

Puchner cannot join a request for habeas relief under 28 U.S.C. § 2254 with an ordinary civil claim. Civil actions and § 2254 petitions are distinct proceedings with different standards and obligations for proceeding *in forma pauperis*. Indeed, each form of action has its own set of federal rules: the Federal Rules of Civil Procedure govern civil actions, and the Rules Governing Habeas Corpus Cases Under Section 2254 govern habeas petitions attacking state-court judgments. The fee for filing a habeas corpus action is $5.00, *see* 28 U.S.C. 1914(a), and when *in forma pauperis* status is granted in habeas cases, the fee is not collected in the manner specified in the Prison Litigation Reform Act, which applies to civil actions, *see* 28 U.S.C. § 1915(b)(1)–(2). In contrast, the filing fee for a civil complaint is $402.00, and only the $52.00 administrative fee is waived when *in forma pauperis* status is granted, leaving the prisoner plaintiff with the obligation of paying the $350.00 in incremental payments until it is paid in full. *See* 28 U.S.C. § 1915(b).

Furthermore, because the remedies available in habeas corpus and civil actions are different (e.g., release and damages) a litigant must proceed separately in each type of case. *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("damages are not an available habeas remedy").

Moreover, even if in some instances it would be possible to join a habeas petition and a civil suit, this would not be one of those instances. In ordinary civil litigation, unrelated claims against different parties may not be joined in a single suit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And here, the habeas claim against the Sheriff is unrelated to the FOIA claims against the federal judges. Thus, joinder of such claims is clearly improper.

Because Puchner may not join his habeas claim with his FOIA claims, he must choose whether he wishes for this action to proceed as a habeas petition or as an ordinary civil suit. As noted above, the document he filed seems mostly concerned with obtaining release from jail, so if I had to guess, I would guess that he would elect to proceed with his habeas claim rather than his FOIA claims. But the Seventh Circuit has advised district courts against recharacterizing civil suits as habeas petitions. *See, e.g., Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). Here, Puchner has tried to bring *both* forms of action, so the Seventh Circuit's advice does not necessarily apply. Still, I will give Puchner the option of choosing how he wishes to proceed. If he elects to proceed with the habeas claim, he must file an amended petition in which he drops the federal judges as defendants and omits all references to his FOIA claims. He should limit his allegations to providing the information specified in Rule 2 of the Rules Governing § 2254 Cases and this district's standard form for 2254 petitions, which I will direct the Clerk of Court to mail

3

to him. Moreover, Puchner must provide the court with copies of any state appellate court opinions or orders pertaining to the issues he raises in his petition. This is so because, when the court reviews his petition, it will look to see whether he has properly exhausted his state-court remedies. Puchner is advised that a choice to proceed with a habeas petition may have certain consequences, such as preventing him from bringing a later habeas petition involving the same judgment. *See* 28 U.S.C. § 2244(b); *Glaus v. Anderson*, 408 F.3d 382, 388–90 (7th Cir. 2005).

Puchner is advised that the filing fee for a petition for a writ of habeas corpus is only $5.00, and therefore the court rarely grants permission to proceed *in forma pauperis* in such cases. If Puchner chooses to proceed with a habeas petition and does not prepay the $5.00 filing fee, he must demonstrate that extraordinary circumstances apply, which would be something akin to having no assets or sources of income whatsoever. Puchner's current motion to proceed without prepaying the filing fee indicates that he has a job and a car. Thus, he is likely ineligible to proceed *in forma pauperis* in a habeas case.

If, instead, Puchner chooses to proceed with his FOIA claims in this action, he should be advised that, because he is a prisoner, his suit will be subject to the Prison Litigation Reform Act. This means that, even if he is granted leave to proceed *in forma pauperis*, Puchner will have to pay the full $350 filing fee for the civil action over time, through the formula specified in 28 U.S.C. § 1915(b). And Puchner will be assessed an initial partial filing fee as soon as he commences the civil action and will have to pay that fee before the case may proceed. Further, if the civil action is dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted, Puchner

will incur a "strike" under § 1915(g), which could prevent him from proceeding *in forma pauperis* in the future.

If Puchner chooses to proceed with his FOIA claims, he must provide more information about them than he has in his current filings. Puchner's attention is directed to Federal Rule of Civil Procedure 8(a), which requires complaints to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Basically, Puchner should provide a short description of the facts giving rise to the purported FOIA violations, including when and to whom he made his request for information. I will direct the Clerk of Court to provide Puchner with this district's standard civil complaint form to use in drafting his complaint.

Finally, if Puchner wishes to proceed with both a habeas petition and a civil action, then he must choose which one he would like to proceed with under the current case number and then commence a second action in this court for the other.

I will give Puchner 21 days to make his choice. If he does not respond to this order within that time, I will dismiss the present action without prejudice on the ground that it contains incompatible claims that may not be pursued in a single action.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that this action will be dismissed without prejudice unless, on or before **February 24, 2022**, Puchner chooses whether to prosecute this case as a habeas petition or a civil action.

**IT IS FURTHER ORDERED** that the Clerk of Court mail Puchner this district's standard forms for (1) Section 2254 petitions, (2) pro se civil complaints, and (3) requesting leave to proceed without prepayment of the filing fee.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2022.

s/Lynn Adelman<br>
LYNN ADELMAN<br>
District Judge